802 F.2d 461
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary A. WILKERSON, Plaintiff-Appellant,
v.
Ernest PELLEGRIN, Commissioner; Howard Cook, Warden; Ricky
J. Bell, Captain; Richbard Wire; Donelson, CO-1;
and Barnes, CO-1, Defendants-Appellees.
 No. 85-6054.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1986.
 
 Before ENGEL, MELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this action under 42 U.S.C. Sec. 1983, an inmate of the Middle Tennessee Reception Center complains of his legal correspondence being opened by prison officials without h is authorization. He apparently also complains of being denied postage stamps, although this claim does not appear in the record except for the magistrate's report and recommendation and seems to have been abandoned. The district court, adopting the magistrate's report and recommendation, dismissed the complaint under 28 U.S.C. Sec. 1915(d). Plaintiff has appealed. On appeal, plaintiff moves for the appointment of appellate counsel. He also has filed a pre-argument statement which this Court construes as an informal brief.
 
 
 3
 Upon consideration, we agree with the district court's dismissal of the legal mail claim although we find a portion of the rationale unpersuasive. We also affirm the dismissal of the remainder of the complaint, it having been abandoned after the magistrate's ruling.
 
 
 4
 The claim against Pellegrin, Cook, and Bell was premised solely on a theory of respondeat superior. Case law is explicit that a section 1983 action cannot be maintained on this basis alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). The district court's holding to this effect is correct.
 
 
 5
 Defendants Dwire, Donelson, and Barnes were properly dismissed whether or not they had qualified immunity. Plaintiff's complaint, we believe, can be construed as either a claim for a procedural due process violation under the fourteenth amendment or as a claim for a general substantive due process violation. All allegations and findings in this cause indicate, if true at all, that these defendants may have acted negligently, at worst, in opening some articles of legal correspondence in contravention of the prohibition to do so as set forth in the rules of the prison, Mere negligence will not support a fourteenth amendment due process claim. Daniels v. Williams, --- U.S. ----, 106 S.Ct. 662 (1986); Davidson v. Cannon, --- U.S. ----, 106 S.Ct. 668 (1986). Neither will negligence support a general substantive due process action. Wilson v. Beebe, 770 F,2d 578 (6th Cir. 1985). The complaint was properly dismissed. We affirm.
 
 
 6
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 7
 It is ORDERED that the motion for counsel be denied and that the final order of the district court be and it is hereby affirmed.